**Marie Mirlande FLEURANTIN, et al., Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–2975–ag.**

United States Court of Appeals, Second Circuit.

March 21, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Jon E. Jessen, Stamford, New York, for Respondent.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeffrey J. Bernstein, Senior Litigation Counsel; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioners, natives and citizens of Haiti, seek review of a June 11, 2007 order of the BIA affirming the November 17, 2005 decision of Immigration Judge ("IJ") Michael W. Strauss, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fleurantin, Marie Mirlande,* Nos. A77 830 654/655/656 (B.I.A. Mar. 30, 2007), *aff'g* Nos. A77 830 654/655/656 (Immig. Ct. N.Y. City Sept. 13, 2005). Fleurantin's children, Fayola Christine Fleurantin and Fredrick Gelet Fleurantin, were included as derivative applicants on their mother's asylum application. As such, we refer to Fleurantin alone throughout this order. We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7

(2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

As an initial matter, we deem Fleurantin's asylum claim abandoned because she failed to challenge the IJ's pretermission of that claim in her brief to this court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

■ We find that the agency did not err in finding that Fleurantin did not meet her burden of proof with regard to her withholding of removal claim. The record supports the agency's determination that Fleurantin did not establish that she suffered past persecution where she failed to testify that she or her children were ever harmed, directly or indirectly, and failed to challenge the agency's finding that the phone threats she received did not amount to persecution. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002) (stating that a "threat of detention . . . itself . . . is not past persecution").

■ Additionally, we find that the agency properly determined that Fleurantin's claimed fear of future persecution based on imputed political opinion is too speculative to support her withholding of removal claim where she failed to demonstrate that it was objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (emphasizing that to establish eligibility for asylum, an applicant must show that he or she subjectively fears

persecution and that this fear is objectively reasonable); *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that an applicant's fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). State Department reports in the record do not indicate that individuals would be targeted by ex-military members. Moreover, while a letter from Fleurantin's husband stated that he believed that his wife and children would be in "grave danger" if they returned to Haiti, it referred only to general political unrest and the kidnaping of returning Haitians believed to be wealthy, not evidence she faced harm due to his political activities. *See Jian Xing Huang,* 421 F.3d at 129. Even assuming that Fleurantin testified credibly, we cannot find that the agency's determination that Fleurantin's claim was unduly speculative was in error. *Id.*

Because Fleurantin's failure to meet her burden of proof with regard to the objective element of her fear was dispositive of her withholding of removal claim, we need not reach the agency's alternative findings. *Ramsameachire,* 357 F.3d at 178. Furthermore, as Fleurantin failed to establish her withholding of removal claim, she failed to establish her CAT claim, which shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.